NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY ALLEN, JR., | No. 10-15643 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01923-FCD-DAD |
| v. | |
| MARK SHEPARD, Warden Folsom State Prison, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., Senior District Judge, Presiding

Argued and Submitted August 30, 2011
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and TIMLIN, District
Judge.[**]

Tony Allen Jr. appeals the district court's denial of his 28 U.S.C. § 2254

habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and we

affirm.

_____

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Robert J. Timlin, Senior United States District Judge for
the Central District of California, sitting by designation.

Allen is not entitled to habeas relief because the California Court of Appeal's decision that Allen's trial counsel, James Sherriff, did not render ineffective assistance was not "contrary to," or an "unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Sherriff's decision to forgo further investigation into victim David Bell's violent history was reasonable under *Strickland v. Washington*, 466 U.S. 668 (1984). Sherriff's strategic decision not to pursue Bell's violent history was reasonable given Sherriff's knowledge that were he to introduce evidence of Bell's violent history the prosecution could introduce evidence of Allen's own criminal background, which was significant even without the alleged juvenile conviction. In any event, Allen was not prejudiced. Evidence of Bell's violent history, and presentation of an imperfect self-defense defense, rather than the alibi defense, would not have affected the outcome. *See id.* at 691-92. Allen fails to take into consideration how a jury would react to the introduction into evidence of his own criminal background. Therefore the California Court of Appeal's determinations were appropriate under AEDPA. *See* 28 U.S.C. § 2254(d). Accordingly, under AEDPA's deferential standard we must affirm the California Court of Appeal's

2

denial of Allen's 28 U.S.C. § 2254 habeas petition. *See Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (explaining that the standards created by *Strickland* and AEDPA are both highly deferential, and when the two apply in tandem, review is doubly so).

**AFFIRMED.**